IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**

**MAY 22 2017** *cm*

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| ROBERT YANZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:17-cv-03423 |
| | ) | Judge Shadur |
| MENARD INC., and | ) | |
| AGIO INTERNATIONAL CO. LTD.; and | ) | |
| POINT OF IMPACT, INC. d/b/a Agio a/k/a | ) | |
| AGIO-USA, an Ohio Corporation | ) | |
| | ) | |

## FIRST AMENDED COMPLAINT at LAW

Plaintiff, ROBERT YANZ, through his attorneys, O'CONNOR LAW GROUP, LLC, and

complaining of Defendants, MENANRD INC.; AGIO INTERNATIONAL CO. LTD., and POINT

OF IMPACT INC., d/b/a Agio a/k/a AGIO-USA, states:

### INTRODUCTORY STATEMENTS

1.     Defendant MENARD INC. removed this action to this Court pursuant to 28 U.S.C.

§1332, 1441, and 1446.

2.     Pursuant to FRCP 8(d), certain matters herein are plead in the alternative.

### COUNT I – NEGLIGENCE OF MENARD INC.

3.     Defendant MENARD INC. (hereinafter MENARD) does business in Cook County

Illinois.

4.     On and prior to April 26, 2015, Defendant MENARD operated, controlled, and

managed a store known as Menards located at 6851 W. 159th Street, Tinley Park, Cook County,

IL.

5.     On and prior to April 26, 2015, Defendant MENARD maintained, displayed, and sold outdoor furniture known as 'Backyard Creations San Paulo swivel Gliders' at its Menard Store in Tinley Park [6851 W. 159th Street].

6.     On and prior to April 26, 2015, Defendant MENARD invited and/or allowed customers to use and sit-on the outdoor furniture known as 'Backyard Creations San Paulo swivel Gliders' at its Menard Store in Tinley Park.

7.     The outdoor furniture known as 'Backyard Creations San Paulo swivel Gliders' [that were displayed and sold at Defendant's Menards Store in Tinley Park] was within Defendant's exclusive control from the time it arrived at Defendant's Menards Store until the time of Plaintiff's injury on April 26, 2015.

8.     On April 26, 2015, Plaintiff was a customer and business invitee of Defendant at its Menards Store in Tinley Park.

9.     Defendant MENARD had a duty to maintain its outdoor furniture known as 'Backyard Creations San Paulo swivel Gliders' in a reasonably safe condition, and had a duty to exercise ordinary care for Plaintiff's safety, and had a duty to provide a safe place for its customers and business invitees.

10.     In breach of its duties, Defendant MENARD was negligent in one or more of the following ways:

(a)   Its outdoor furniture known as 'Backyard Creations San Paulo swivel Gliders' would slide, shift, flip, and/or collapse when used in its intended manner;

(b)   Failed to secure its outdoor furniture known as 'Backyard Creations San Paulo swivel Gliders' to prevent sliding, shifting, flipping, and/or collapsing that occurred when it was used in its intended manner;

(c)   Failed to provide anti-slip measures on its outdoor furniture known as 'Backyard Creations San Paulo swivel Gliders' [and/or on the surface on which this particular outdoor furniture was placed] to prevent sliding, shifting,

2

flipping, and/or collapsing that occurred when it was used in its intended manner;

(d) Failed to adequately warn customers and business invitees about its outdoor furniture known as 'Backyard Creations San Paulo swivel Gliders'

(e) Failed to adequately inspect its outdoor furniture known as 'Backyard Creations San Paulo swivel Gliders'

(f) Failed to adequately maintain its outdoor furniture known as 'Backyard Creations San Paulo swivel Gliders'

11.     As a proximate result of one or more of the aforementioned negligent acts or omissions, Plaintiff was injured on April 26, 2015 at Defendant's Menards Store in Tinley Park while attempting to use a piece of outdoor furniture known as 'Backyard Creations San Paulo swivel Gliders' in a manner in which it was intended to be used.

12.     In the alternative, the type of occurrence that resulted in injury to Plaintiff does not occur in the absence of negligence, and therefore the doctrine of res ipsa loquitor applies as well.

13.     As a proximate result of one or more of the negligent acts or omissions outlined herein, or as a proximate result of the negligence by way of inference under the doctrine of res ipsa loquitor, Plaintiff was seriously injured and sustained economic and non-economic damages.

WHEREFORE, Plaintiff, ROBERTY YANZ, demands judgment in his favor and against Defendant, MENARD INC., in such sum as a Court/Jury shall consider fair and reasonable, but in excess of $50,000.00.

## COUNT II -- STRICT LIABILITY vs. MENARD INC.

14.     Plaintiff restates paragraphs 3 through 8 as Paragraph 14 and incorporates paragraphs 3 through 8 into Paragraph 14.

15.     On and prior to April 26, 2015, Defendant MENARD was in the business of selling outdoor furniture known as 'Backyard Creations San Paulo swivel Gliders' at its Menard Store in Tinley Park [6851 W. 159th Street].

16.     On and prior to April 26, 2015, Defendant invited and/or allowed customers to use and sit-on the outdoor furniture known as 'Backyard Creations San Paulo swivel Gliders' [sold at its Menards Store in Tinley Park] for the purpose of inducing customers to purchase such from Defendant.

17.     On April 26, 2015, Plaintiff was a customer at the Menards Store in Tinley Park when he was injured while attempting to use a piece of outdoor furniture known as 'Backyard Creations San Paulo swivel Gliders' in a manner in which it was intended to be used.

18.     Had Plaintiff purchased the piece of outdoor furniture known as 'Backyard Creations San Paulo swivel Gliders' [referenced in paragraph 17 and which was involved in Plaintiff's injury], he would have been the first consumer purchaser of such.

19.     Defendant had a non-delegable duty to distribute and sell outdoor furniture known as 'Backyard Creations San Paulo swivel Gliders which was not unreasonably dangerous for its intended and reasonably foreseeable uses.

20.     In violation of its duty, the piece of outdoor furniture known as 'Backyard Creations San Paulo swivel Gliders' [referenced in paragraph 17 and which was involved in Plaintiff's injury], was unreasonably dangerous for its foreseeable uses in one or more of the following respects:

    a)  it would  slide, shift, flip, and/or collapse when used in its intended manner;

    b)  it lacked anti-slip measures to prevent sliding, shifting, flipping, and/or collapsing that occurred when it was used in its intended manner;

c) it lacked adequate warning that it would slide, shift, flip, and/or collapse when used in its intended manner;

d) It was not adequately constructed to withstand ordinary and intended use;

e) It contained a manufacturing defect such that it could not withstand ordinary and intended use

21. These unreasonably dangerous conditions described in paragraph 20 existed while the piece of outdoor furniture known as 'Backyard Creations San Paulo swivel Gliders' was within Defendant's exclusive control.

22. As a proximate result of one or more of the unreasonably dangerous conditions described in paragraph 20, Plaintiff was injured on April 26, 2015 at Defendant's Menard Store in Tinley Park while attempting to use a piece of outdoor furniture known as 'Backyard Creations San Paulo swivel Gliders' in a manner in which it was intended to be used, and as a further proximate result, Plaintiff was seriously injured and sustained economic and non-economic damages.

WHEREFORE, Plaintiff, ROBERTY YANZ, demands judgment in his favor and against Defendant, MENARD INC., in such sum as a Court/Jury shall consider fair and reasonable, but in excess of $50,000.00.

## COUNT III – STRICT LIABILITY OF AGIO INTERNATIONAL

23. Defendant AGIO INTERNATIONAL CO. LTD. (hereinafter AGIO) does business in Cook County Illinois.

24. On and prior to April 26, 2015, Defendant AGIO was involved in the manufacturing, sale, and/or distribution of outdoor furniture known as 'Backyard Creations San Paulo swivel Gliders'.

25.     On and prior to April 26, 2015, Defendant AGIO sold and/or distributed outdoor furniture known as 'Backyard Creations San Paulo swivel Gliders' to Defendant MENARD INC.

26.     On and prior to April 26, 2015, Defendant AGIO sold and/or distributed outdoor furniture known as 'Backyard Creations San Paulo swivel Gliders' to Defendant MENARD INC for sale to customers/invitees of the Menards Store in Tinley Park IL [6851 W. 159th Street].

27.     On April 26, 2015, Plaintiff was a customer at the Menards Store in Tinley Park when he was injured while attempting to use a piece of outdoor furniture known as 'Backyard Creations San Paulo swivel Gliders' in a manner in which it was intended to be used.

28.     Regarding the piece of outdoor furniture known as 'Backyard Creations San Paulo swivel Gliders' [referenced in paragraph 27 and which was involved in Plaintiff's injury], Defendant AGIO manufactured, sold, and/or distributed such to Defendant MENARD INC.

29.     Had Plaintiff purchased the piece of outdoor furniture known as 'Backyard Creations San Paulo swivel Gliders' [referenced in paragraph 27 and which was involved in Plaintiff's injury], he would have been the first consumer purchaser of such.

30.     Defendant had a non-delegable duty to manufacture, distribute, and/or sell outdoor furniture known as 'Backyard Creations San Paulo swivel Gliders which was not unreasonably dangerous for its intended and reasonably foreseeable uses.

31.     In violation of its duty, the piece of outdoor furniture known as 'Backyard Creations San Paulo swivel Gliders' [referenced in paragraph 27 and which was involved in Plaintiff's injury], was unreasonably dangerous for its foreseeable uses in one or more of the following respects:

      (a) it would slide, shift, flip, and/or collapse when used in its intended manner;

      (b) it lacked anti-slip measures to prevent sliding, shifting, flipping, and/or collapsing that occurred when it was used in its intended manner;

      (c) it lacked adequate warning that it would slide, shift, flip, and/or collapse when used in its intended manner;

      (d) It was not adequately constructed to withstand ordinary and intended use;

      (e) It contained a manufacturing defect such that it could not withstand ordinary and intended use

32.     These unreasonably dangerous conditions described in paragraph 31 existed while the piece of outdoor furniture known as 'Backyard Creations San Paulo swivel Gliders' was within Defendant's exclusive control.

33.     As a proximate result of one or more of the unreasonably dangerous conditions described in paragraph 31, Plaintiff was injured on April 26, 2015 at the Menard Store in Tinley Park while attempting to use a piece of outdoor furniture known as 'Backyard Creations San Paulo swivel Gliders' in a manner in which it was intended to be used, and as a further proximate result, Plaintiff was seriously injured and sustained economic and non-economic damages.

WHEREFORE, Plaintiff, ROBERTY YANZ, demands judgment in his favor and against Defendant, AGIO INTERNATIONAL CO. LTD. in such sum as a Court/Jury shall consider fair and reasonable, but in excess of $50,000.00.

## COUNT IV – NEGLIGENCE OF AGIO INTERNATIONAL

34.     Plaintiff restates paragraphs 23 through 33 as paragraph 34 and incorporates paragraphs 23 through 33 into paragraph 34.

35.     Defendant had a non-delegable duty to manufacture, distribute, and/or sell outdoor furniture known as 'Backyard Creations San Paulo swivel Gliders which was not unreasonably dangerous for its intended and reasonably foreseeable uses, and they also had a duty to exercise ordinary care for Plaintiff's safety.

36. In breach of its duties, Defendant was negligent in one or more of the following ways:

    (a) Its outdoor furniture known as 'Backyard Creations San Paulo swivel Gliders' would slide, shift, flip, and/or collapse when used in its intended manner;

    (b) Failed to provide anti-slip measures on its outdoor furniture known as 'Backyard Creations San Paulo swivel Gliders' to prevent sliding, shifting, flipping, and/or collapsing that occurred when it was used in its intended manner;

    (c) Failed to adequately warn customers and business invitees about its outdoor furniture known as 'Backyard Creations San Paulo swivel Gliders'

    (d) Failed to adequately inspect its outdoor furniture known as 'Backyard Creations San Paulo swivel Gliders'

37. As a proximate result of one or more of the negligent acts or omissions outlined herein, Plaintiff was injured on April 26, 2015 at the Menard Store in Tinley Park while attempting to use a piece of outdoor furniture known as 'Backyard Creations San Paulo swivel Gliders' in a manner in which it was intended to be used, and as a further proximate result, Plaintiff was seriously injured and sustained economic and non-economic damages.

WHEREFORE, Plaintiff, ROBERTY YANZ, demands judgment in his favor and against Defendant, AGIO INTERNATIONAL CO. LTD. in such sum as a Court/Jury shall consider fair and reasonable, but in excess of $50,000.00.

## COUNT V – STRICT LIABILITY OF POINT OF IMPACT

38. Defendant POINT OF IMPACT INC., d/b/a Agio a/k/a AGIO-USA (hereinafter POINT OF IMPACT) does business in Cook County Illinois.

39. On and prior to April 26, 2015, Defendant POINT OF IMPACT was involved in the manufacturing, sale, and/or distribution of outdoor furniture known as 'Backyard Creations San Paulo swivel Gliders'.

8

40.     On and prior to April 26, 2015, Defendant POINT OF IMPACT sold and/or distributed outdoor furniture known as 'Backyard Creations San Paulo swivel Gliders' to Defendant MENARD INC.

41.     On and prior to April 26, 2015, Defendant POINT OF IMPACT sold and/or distributed outdoor furniture known as 'Backyard Creations San Paulo swivel Gliders' to Defendant MENARD INC for sale to customers/invitees of the Menards Store in Tinley Park IL [6851 W. 159th Street].

42.     On April 26, 2015, Plaintiff was a customer at the Menards Store in Tinley Park when he was injured while attempting to use a piece of outdoor furniture known as 'Backyard Creations San Paulo swivel Gliders' in a manner in which it was intended to be used.

43.     Regarding the piece of outdoor furniture known as 'Backyard Creations San Paulo swivel Gliders' [referenced in paragraph 42 and which was involved in Plaintiff's injury], Defendant POINT OF IMPACT manufactured, sold, and/or distributed such to Defendant MENARD INC.

44.     Had Plaintiff purchased the piece of outdoor furniture known as 'Backyard Creations San Paulo swivel Gliders' [referenced in paragraph 42 and which was involved in Plaintiff's injury], he would have been the first consumer purchaser of such.

45.     Defendant POINT OF IMPACT had a non-delegable duty to manufacture, distribute, and/or sell outdoor furniture known as 'Backyard Creations San Paulo swivel Gliders which was not unreasonably dangerous for its intended and reasonably foreseeable uses.

46.     In violation of its duty, the piece of outdoor furniture known as 'Backyard Creations San Paulo swivel Gliders' [referenced in paragraph 40 and which was involved in Plaintiff's

injury], was unreasonably dangerous for its foreseeable uses in one or more of the following respects:

      (a) it would slide, shift, flip, and/or collapse when used in its intended manner;

      (b) it lacked anti-slip measures to prevent sliding, shifting, flipping, and/or collapsing that occurred when it was used in its intended manner;

      (c) it lacked adequate warning that it would slide, shift, flip, and/or collapse when used in its intended manner;

      (d) It was not adequately constructed to withstand ordinary and intended use;

      (e) It contained a manufacturing defect such that it could not withstand ordinary and intended use

47.    These unreasonably dangerous conditions described in paragraph 46 existed while the piece of outdoor furniture known as 'Backyard Creations San Paulo swivel Gliders' was within Defendant's (POINT OF IMPACT) exclusive control.

48.    As a proximate result of one or more of the unreasonably dangerous conditions described in paragraph 46, Plaintiff was injured on April 26, 2015 at the Menard Store in Tinley Park while attempting to use a piece of outdoor furniture known as 'Backyard Creations San Paulo swivel Gliders' in a manner in which it was intended to be used, and as a further proximate result, Plaintiff was seriously injured and sustained economic and non-economic damages.

WHEREFORE, Plaintiff, ROBERTY YANZ, demands judgment in his favor and against Defendant, POINT OF IMPACT, d/b/a Agio a/k/a AGIO-USA. in such sum as a Court/Jury shall consider fair and reasonable, but in excess of $50,000.00.

## COUNT VI – NEGLIGENCE OF POINT OF IMPACT

49.    Plaintiff restates paragraphs 38 through 48 as paragraph 49 and incorporates paragraphs 38 through 48 into paragraph 49.

50.     Defendant POINT OF IMPACT had a non-delegable duty to manufacture, distribute, and/or sell outdoor furniture known as 'Backyard Creations San Paulo swivel Gliders which was not unreasonably dangerous for its intended and reasonably foreseeable uses, and they also had a duty to exercise ordinary care for Plaintiff's safety.

51.     In breach of its duties, Defendant POINT OF IMPACT was negligent in one or more of the following ways:

      (e)     Its outdoor furniture known as 'Backyard Creations San Paulo swivel Gliders' would slide, shift, flip, and/or collapse when used in its intended manner;

      (f)     Failed to provide anti-slip measures on its outdoor furniture known as 'Backyard Creations San Paulo swivel Gliders' to prevent sliding, shifting, flipping, and/or collapsing that occurred when it was used in its intended manner;

      (g)     Failed to adequately warn customers and business invitees about its outdoor furniture known as 'Backyard Creations San Paulo swivel Gliders'

      (h)     Failed to adequately inspect its outdoor furniture known as 'Backyard Creations San Paulo swivel Gliders'

52.     As a proximate result of one or more of the negligent acts or omissions outlined herein, Plaintiff was injured on April 26, 2015 at the Menard Store in Tinley Park while attempting to use a piece of outdoor furniture known as 'Backyard Creations San Paulo swivel Gliders' in a manner in which it was intended to be used, and as a further proximate result, Plaintiff was seriously injured and sustained economic and non-economic damages.

WHEREFORE, Plaintiff, ROBERTY YANZ, demands judgment in his favor and against Defendant, POINT OF IMPACT, d/b/a Agio a/k/a AGIO-USA. in such sum as a Court/Jury shall consider fair and reasonable, but in excess of $50,000.00.

s/ Bryan J. O'Connor Jr.
Bryan J. O'Connor Jr.
Attorney for Plaintiff

Bryan J. O'Connor Jr., Attorney for Plaintiff
O'Connor Law Group, LLC
140 S. Dearborn, Suite 320
Chicago, IL 60603
312-236-1814 (ph)
312-580-5479 (fax)
bocjr@oconnorlawgrp.com